**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL JOHN SOPCZAK**                                               **CIVIL ACTION**

**VERSUS**

**WARDEN JIM BROWN, ET AL.**                                          **NO. 05-1262-C-M2**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 1, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL JOHN SOPCZAK**                                              **CIVIL ACTION**

**VERSUS**

**WARDEN JIM BROWN, ET AL.**                                          **NO. 05-1262-C-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on a Complaint seeking injunctive relief and monetary damages pursuant to 42 U.S.C. § 1983, filed by Michael John Sopczak, an inmate previously confined at the Livingston Parish Jail, Livingston, Louisiana. Upon reviewing the Complaint, the Court has determined that the plaintiff's action is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915.

From a review of the plaintiff's Complaint, as amended, together with supplemental pleadings filed by the plaintiff herein, it appears that the plaintiff was arrested on September 5, 2004, in the Parish of Livingston and was ultimately charged with simple burglary. He complains that while he was confined at the Livingston facility for three months, no law library was made available to him, and legal materials that were sent to him from his family were not allowed. Thereafter, on December 16, 2004, he was transferred to a facility located in Lake Providence, Louisiana, 270 miles away from Livingston Parish, and he complains that his criminal proceedings were prejudiced by his distance from the charging venue, by his limited access to his attorney and by his limited access to legal research materials. Finally, in July, 2005, he was returned to Livingston Parish where, eleven months later (seven months of which he spent not in confinement), he was tried and convicted on the charge levied against him.

Initially, it appears that the plaintiff may have failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.  However, notwithstanding such failure, this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e).  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review a Complaint and shall dismiss same, or any portion of same, if the Court determines that the Complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Turning to a substantive review of the plaintiff's claims, the court first concludes that, to the extent that the plaintiff complains of his transfer to a facility located some distance away from the parish where he was charged, this claim is not one of constitutional dimension.  The law is well settled that state prisoners have no justifiable expectation that they will be confined in any particular prison within a state.  Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).  Further, administrative transfers of state prisoners to other prisons, the conditions of which may be substantially less favorable, do not constitute deprivation of Fourteenth Amendment liberty requiring a due process hearing.  Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49

L.Ed.2d 451 (1976).  See also Mason v. Klevenhagen, 37 F.3d 632 (5th Cir. 1994) (non-punitive transfer of pretrial detainee to more restrictive facility did not implicate due process); United States v. Flores, 2002 WL 31495986 (N.D. Tex., Nov. 5., 2002) ("Movant here provides no evidence to support his claim of an improper motive underlying the decisions of the prosecutor or the trial judge as to ... his place of incarceration.").  Accordingly, this claim is properly dismissed as legally frivolous.

Further, to the extent that the plaintiff's allegations may be interpreted as complaining of expenses incurred by himself and by family members and friends because of the distance from his parish of residence, including specifically long distance phone charges and travel expenses, this claim is essentially one of a deprivation of personal property.  In the first place, the plaintiff is not entitled to assert the claimed losses of friends or family members because he lacks standing to assert the rights of third persons.  Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986).  Further, the plaintiff's claim for his own lost property is not properly before the Court.  A deprivation of property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.  Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).  The burden is on the complainant to show that the remedy is not adequate.  Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).  The plaintiff in the instant case has not alleged nor is there any evidence that state post-deprivation remedies were unavailable or inadequate.  Moreover, it is clear that Louisiana has ample remedies under which the plaintiff could have proceeded against the defendants for reimbursement for his loss.  Marshall v. Norwood, supra.

Finally, the plaintiff's remaining claims, including claims of denial of legal materials, insufficient access to a law library, limitations upon legal phone calls, and hardship created by distance from his trial venue and from his criminal defense attorney, implicate his First Amendment right to freedom of access to the courts. In this regard, however, in order for the plaintiff to state a violation of his constitutional right to meaningful access to the courts, he must allege that he has suffered some cognizable legal prejudice or detriment caused by the challenged conduct. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987). See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In the instant case, the Court concludes that the plaintiff has failed to allege sufficient legal prejudice and, so, that his claim is not cognizable in this Court.

First, to the extent that the plaintiff may have initially asserted a complaint of prejudice in connection with ongoing criminal proceedings for which he was confined at the time of his transfer, he has explicitly conceded that these claims were "nullified" and "resolve[d]" by his transfer back to Livingston Parish in July, 2005, and by his subsequent release on bond prior to his criminal trial. He concedes, therefore, that he is making no claim herein in connection with the then-pending criminal proceedings or in connection with his subsequent conviction on the charge levied against him.[1]

---

[1] And in any event, as previously noted by the Court, such claims would likely be subject to dismissal as barred by the rule set forth in Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987) (holding that claims which directly or indirectly attack the validity of criminal proceedings must first be brought in a habeas corpus proceeding),

Second, although the plaintiff asserts that he suffered prejudice in a separate habeas corpus proceeding which he had pending in the United States District Court for the Eastern District of Louisiana, Michael J. Sopczak v. State of Louisiana, Civil Action No. 05-1510, this claim is clearly without merit.  Not only does the plaintiff provide no factual allegations whatever as to the manner and extent of such alleged prejudice, but the Court has reviewed the record in the Eastern District case, and it is clear from that record that the plaintiff's habeas corpus case was dismissed in that District as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A), and that such untimeliness predated the plaintiff's arrest in Livingston Parish in September of 2004.  Specifically, as found by the Eastern District Court, and as upheld on appeal, the plaintiff's Jefferson Parish criminal convictions there under attack became final, at the latest, on June 20, 2003, and the plaintiff had one year within which to assert his habeas corpus claims.  Although the plaintiff tolled the running of this period for a total of 33 days (between April 5, 2004, and May 8, 2004), during which time he had a motion for collateral review pending in the state courts, it is clear that even subtracting this period, more than a year passed after finality of his conviction and prior to the plaintiff's arrest in Livingston Parish in September, 2005.  Accordingly, any failure of the Livingston Parish defendants to provide the plaintiff with access to legal materials or to a law library after

---

and Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that claims for monetary damages which would call into question the validity of criminal proceedings are barred unless the criminal proceedings have first been invalidated or called into question in a habeas corpus proceeding).  See also Mason v. Klevenhagen , supra ("Mason's claim that Sheriff Klevnehagen hampered Mason's ability to defend the murder charge is precluded at this time because a judgment in Mason's favor on this issue would necessarily implicate the constitutionality of his murder conviction and he has not demonstrated that the conviction has been invalidated.").

his arrest can have had no prejudice on his untimely habeas action filed and pending in the Eastern District Court.

Lastly, the plaintiff makes conclusory assertions of the denial of his right to equal protection and of alleged mental pain and suffering sustained by him as a result of his transfer away from Livingston Parish. Notwithstanding, these claims are not of constitutional dimension before this Court.  The plaintiff does not represent himself to be a member of any suspect class and, as such, in the context of an equal protection challenge, the Court need only apply a rational basis test to determine whether transferring the plaintiff in the manner alleged was reasonably related to the achievement of a legitimate penological interest.  Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).  Henthorn v. Swinson, 955 F.2d 351 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).  The plaintiff concedes in the instant case that his transfer was necessitated by overcrowding at the Livingston Parish Jail.  The Court finds, therefore, that whereas the plaintiff believes that he should have been released on his own recognizance pending trial, the decision by prison officials to house the plaintiff and other pretrial detainees at another facility pending trial was in furtherance of a legitimate penological interest.  Mason v. Klevenhagen, supra.

Further, the plaintiff has made only conclusory and speculative allegations of actual injury resulting from the referenced transfer. Although he asserts that there was a "riot" by Livingston Parish detainees at the transferee facility, he does not assert that he was a participant in that riot or that he sustained injury in same, and he has not named as defendants herein any security officials employed at the transferee facility.  Further, although he asserts that he suffered "severe tension and constipation while detained in East Carroll", the

Court does not find that this is the type of physical injury cognizable under § 1983.  Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Accordingly, in the absence of any allegation of actual injury of legal significance, the plaintiff has failed to allege a claim which amounts to a constitutional violation.

### RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in chambers in Baton Rouge, Louisiana, July 1, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Note that 28 U.S.C. § 1915A(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."